**Harold ZIMMERMAN, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent.**

No. 88–3400.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 9, 1989.

Decided April 3, 1989.

Rita S. Fuchsman, Chillicothe, Ohio, for Harold Zimmerman, petitioner.

Michael J. Denney and Ronald G. Ray, U.S. Dept. of Labor, Office of the Sol., Washington, D.C., for Director, Office of Workers' Compensation Programs, U.S. Dept. of Labor, respondent.

Before MERRITT and NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

MERRITT, Circuit Judge.

Harold Zimmerman, a coal miner, appeals from the denial of benefits he seeks under the Black Lung Benefits Act, 30 U.S.C. 901 *et seq.* Zimmerman prevailed before an administrative law judge. Decision and Order, March 27, 1986. The Benefits Review Board, however, reversed the ALJ's decision and denied benefits. Decision and Order, March 22, 1988. Because the Board exceeded the scope of its review, we reverse.

Zimmerman filed the claim that gives rise to this appeal on July 20, 1983. After an initial denial, he sought and obtained a hearing before an ALJ. The ALJ awarded benefits under 20 C.F.R. § 718, the proper part for a claim filed after March 31, 1980.

The ALJ found that Zimmerman had had only four years and three months of coal mine employment. The fact that Zimmerman suffers from pneumoconiosis had been established by the stipulation of the parties, leaving open only two questions: (1) did Zimmerman's pneumoconiosis arise from his coal mine employment; and (2) was Zimmerman totally disabled by his pneumoconiosis? Applying 20 C.F.R. § 718.203, the ALJ answered the first question in the affirmative. Since the BRB did not disturb that finding, it is not before this Court in Zimmerman's appeal.

The controversy focuses instead on the second question. The ALJ applied 20 C.F.R. § 718.204 to find that Zimmerman was totally disabled by his respiratory or pulmonary impairment. He found that none of the criteria set by 20 C.F.R. § 718.204(c)(1) through (3) was met by the evidence submitted to him. Instead, tracking word for word the language of 20 C.F.R. § 718.204(c)(4), the ALJ found that total

disability was established on the basis of medical reports, in which at least two doctors "exercising reasoned medical judgment, conclude[d] that the claimant's respiratory or pulmonary condition prevents him from engaging in" his usual or comparable employment. ALJ Decision and Order at 7.

On this point the Board reversed. The Board based its decision on two deficiencies it found in the ALJ's Decision. First, it held that the ALJ "failed to make a specific finding, as is required by Section 718.-204(b), that pneumoconiosis was the cause of claimant's total disability." Board Decision and Order at 2. Second, it held that "the evidence of record is insufficient to establish this requisite element." *Id.* Zimmerman timely filed his appeal with this Court, claiming that the ALJ's decision does find total disability due to pneumoconiosis, though not in the magic verbal formula preferred by the Board; that there is sufficient record evidence to support that finding; and that the Board exceeded the scope of its review by ruling otherwise.

Congress has determined that an ALJ's findings of fact shall be "conclusive if supported by substantial evidence in the record considered as a whole." 33 U.S.C. § 921(b)(3). In construing this statutory command, the Secretary's own regulations bar the Board from engaging in *de novo* review. 20 C.F.R. § 802.301(a). Rather, an ALJ's "findings of fact and conclusions of law may be set aside only if they are not, in the judgment of the Board, supported by substantial evidence in the record considered as a whole or in accordance with law." 20 C.F.R. § 802.301(a). Our role is to ensure that this administrative scheme is followed in practice.

■ Our first task, then, is to ensure that the Board has not committed any legal errors in its decision. In the present case, we must conclude that the Board was in legal error when it held that the ALJ failed to make any finding that pneumoconiosis caused Zimmerman's disability. The ALJ addressed this causation question as one arising under C.F.R. § 718.204(c)(4) and reviewed the relevant medical evidence in detail. That review accurately summarized

Dr. Martin's report as concluding that "claimant should not return to underground coal mining because of his silicosis." ALJ Decision and Order at 8. Silicosis, of course, is one of the conditions that is sufficient to establish pneumoconiosis. 20 C.F.R. § 718.201 ("This definition includes, but is not limited to, ... silicosis"). The ALJ also stated that he relied on the report of Dr. Isra, which he summarized to state "that the claimant has black lung disease and is disabled." ALJ Decision and Order at 8. Directly relying on these two facts, among others, the ALJ concluded: "I find that the medical opinion evidence of record establishes a totally disabling respiratory impairment under Section 718.-204(c)(4)."

The Board's objection is to the general term "totally disabling respiratory impairment" in this conclusion. To be sure, a miner seeking benefits must show that he or she is totally disabled not merely by a respiratory or pulmonary condition but by pneumoconiosis. This is so despite the apparent invitation extended by 20 C.F.R. § 718.204(c)(4) that total disability can be found:

> if a physician exercising reasoned medical judgment, based on medically acceptable clinical and laboratory diagnostic techniques, concludes that a miner's *respiratory or pulmonary condition* prevents or prevented the miner from engaging in employment as described in paragraph (b) of this section[.]

20 C.F.R. § 718.204(c)(4) (emphasis added). The catch is that § 718.204(b) requires a showing of total disability resulting from *pneumoconiosis*. This specificity is emphasized by a 1983 amendment to this section of the regulations, buried improbably in 20 C.F.R. § 718.204(c)(5) but implicit in the entire scheme established by Congress, requiring that any total disability found under subsection (c)(4) also be found to arise from pneumoconiosis:

> Except as provided in § 718.305, proof that the miner suffers or suffered from a totally disabling respiratory or pulmonary impairment as defined in paragraphs (c)(1), (2), (4) and (5) of this section shall not, by itself, be sufficient to establish that the miner's impairment is or was due to pneumoconiosis.

Not a model of clarity, this provision states by negative implication that benefits hinge on a finding that total disability is due not just to respiratory or pulmonary impairment but to pneumoconiosis.

It is true that the ALJ made his findings under § 718.204(c)(4) without referring to the passage just quoted from § 718.204(c)(5). But his review of the medical evidence explicitly refers to the doctors' conclusions that Zimmerman suffered from "silicosis," "pneumoconiosis," and "black lung," and bases his conclusion under § 718.204(c)(4) on that review. This is clearly a finding that Zimmerman's disability is due to pneumoconiosis. To hold otherwise is a clear error of law.

Second, we must determine whether the Board exceeded its scope of review on the evidence. We have held that the Board *"must* affirm the administrative law judge if his or her decision is supported by substantial evidence and is not irrational." *Campbell v. Consolidation Coal Co.*, 811 F.2d 302, 303 (6th Cir.1987). Judicial review is, therefore, addressed to the question whether the ALJ—not the Board—had substantial evidence on which to base his or her decision. *Id.* at 303. The ALJ, not the Board, enjoys a statutorily-mandated deference to findings of fact.

We note in passing that our reviewing function is quite different under the Black Lung Benefits Act than it is under the Social Security Act. Title II of the Social Security Act places responsibility for making findings of fact on the Secretary of Health and Human Services, 42 U.S.C. § 405(b)(1), and provides that federal courts shall not disturb those findings if they are supported by substantial record evidence, 42 U.S.C. § 405(g). This Court, sitting *en banc*, has held that the Appeals Council (to which the Secretary of Health and Human Services has delegated all fact-finding authority under Title II of the Social Security Act) retains the power to disturb an ALJ's finding of fact as long as the *Council,* not the ALJ, has substantial evi-

dence to support its findings. *Mullen v. Bowen*, 800 F.2d 535, 545–46 (6th Cir.1986) (*en banc*). Under that scheme, the review function of the courts is to determine whether the Appeals Council's findings are supported by substantial evidence: judicial deference protects the Council's findings, not the ALJ's. The statutory scheme under the Black Lung Benefits Act is quite different, for here Congress has expressly placed the power to make conclusive findings of fact with the ALJ, and limited the Board's function to determining whether the ALJ's findings are supported by substantial evidence. Under this scheme we are to defer to the ALJ, not to the Board.

 Applying this standard of review, we hold that the Board has exceeded its authority in holding that the ALJ lacked substantial evidence for his finding that pneumoconiosis was the cause of Zimmerman's total disability. We note that the Board has done nothing to disturb the ALJ's finding that Zimmerman is totally disabled. Rather, the sticking point for the Board was the "link" between pneumoconiosis and total disability. Board Decision and Order at 2. Indeed, the Director has never appealed the ALJ's finding of total disability. Thus, the question before us is whether the ALJ had substantial evidence to support his finding of a causal relationship between Zimmerman's pneumoconiosis and his total disability. We conclude that the record does provide the substantial evidence required.

The reports of Dr. Fritzhand and Dr. Martin contribute nothing to Zimmerman's proof on this crucial element. Dr. Fritzhand diagnosed Zimmerman as having "COPD" (chronic obstructive pulmonary disease), and concluded that this condition was *not* "related to dust exposure in the patient's coal mine employment." Dr. Martin, who examined Zimmerman more than three years later, diagnosed Zimmerman as afflicted with silicosis. Using a preprinted form, he recommended that "[t]his patient should not return to underground coal mining because of his Silicosis." This is a recommendation against further exposure at the coal mine, not a finding that Zimmer-

man cannot do the work there, and not a finding that any disability Zimmerman may suffer is caused by his silicosis.

Dr. Isra's report, however, does constitute substantial evidence. Dr. Isra is Zimmerman's attending physician, and provides the most extended and recent evaluations of Zimmerman's condition. His report of December 14, 1984 concludes: "In my opinion this patient has Pneumoconiosis (black lung). Prognosis: The Patient is not getting any better. He is disabled." We hold that this is substantial evidence of a causal link between Zimmerman's pneumoconiosis and his disability. We further reject the Director's suggestion that Dr. Isra's opinion is insufficient as evidence because it does not include primary evidence: 20 C.F.R. § 718.204(c)(4) requires only that the doctor rely on sound medical tests, not that all their results be conveyed with the doctor's resulting opinion.

To conclude: neither ground invoked by the Board for reversing the ALJ's award of benefits survives the review which we are mandated to exercise. Accordingly, the Board's decision is reversed.