883 F.2d 74
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Twila Elvaria BAKER, Widow of William Baker, Petitioner-Appellant,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent-Appellee.
 No. 89-3102.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1989.
 
 1
 Before KEITH and RALPH B. GUY, Jr., Circuit Judges, and THOMAS G. HULL, Chief District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Twila Baker moves for in forma pauperis status, and appeals from the Benefits Review Board's decision and order affirming the administrative law judge's (ALJ) decision and order denying her application for survivor's benefits filed pursuant to the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et seq.
 
 
 4
 After reviewing the record and holding a hearing, the ALJ credited Baker's husband with two years of coal mine employment, but found that the claimant failed to prove the existence of pneumoconiosis. The ALJ also noted that the miner died as a result of a gunshot wound. Because Mrs. Baker failed to prove an essential element of her claim, the ALJ denied benefits. The Benefits Review Board affirmed, finding that substantial evidence supported the ALJ's decision.
 
 
 5
 On appeal, Mrs. Baker claims that her husband should receive credit for more time as a coal mine worker, and that coal dust could have caused his illness.
 
 
 6
 Upon consideration, we conclude that the Board properly affirmed the ALJ's decision to deny benefits as it is supported by substantial evidence. See Zimmerman v. Director, OWCP, United States Dep't of Labor, 871 F.2d 564, 566 (6th Cir.1989). Indeed, substantial evidence exists in this case in the form of an autopsy report showing that the uncontradicted cause of death was gunshot wounds to her husband's shoulder and chest--a traumatic injury. See 20 C.F.R. Sec. 718.205(c)(4): Neely v. Director, OWCP, 11 Black Lung Rep. (MB) 1-85 (1988).
 
 
 7
 Additionally, the evidence fails to establish that the miner even suffered from pneumoconiosis. The autopsy report showed no evidence of pneumoconiosis. The miner was hospitalized at least three times during 1979 and 1980, and none of the examining physicians' reports diagnosed pneumoconiosis. Although one physician considered chronic obstructive airway disease in his initial diagnosis, his final diagnosis omitted such a condition. Another physician reported a history of emphysema, but there is no evidence in the record to establish a connection between this condition and the two years of coal mine employment. The evidence supports the ALJ's conclusion that Mrs. Baker did not establish that her husband had pneumoconiosis.
 
 
 8
 Finally, Mrs. Baker contends that the ALJ should have considered affidavits regarding the length of her deceased husband's coal mine employment. The length of the miner's coal mine employment is irrelevant in this case, as the medical evidence clearly establishes that the miner did not have pneumoconiosis and his death was due to a traumatic injury.
 
 
 9
 For these reasons, the motion for in forma pauperis status is denied, and the Benefits Review Board's order is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief U.S. District Judge for the Eastern District of Tennessee, sitting by designation