890 F.2d 416
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ishmael MEADE, Petitioner-Appellant,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAM, UNITED
STATES DEPARTMENT OF LABOR, Respondent-Appellee.
 No. 89-3164.
 United States Court of Appeals, Sixth Circuit.
 Dec. 1, 1989.
 
 Before KENNEDY and RYAN, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Claimant Ishmael Meade appeals the final order of the Benefits Review Board denying him benefits under the Black Lung Benefits Act, 20 U.S.C. Sec. 901 et seq. Benefits were denied after the Board found that claimant's medical evidence did not establish that his pneumoconiosis was "in and of itself totally disabling;" he failed to establish "total disability due to pneumoconiosis" under 20 C.F.R. Sec. 718.204(c)(4). The Board held that claimant was required to show that his disability was caused solely by pneumoconiosis. In Adams v. Director, OWCP, No. 88-3946 (6th Cir. September 29, 1989), we expressly rejected interpretation of the phrase "due to" in the regulation to mean "in and of itself." Id. at 13. Rather, we held that the phrase "due to" in section 718.204 means "at least in part." The court held that "in order to qualify for benefits under Part 718, a miner, who is found to suffer from pneumoconiosis under section 718.204(c), must affirmatively establish only that his totally disabling respiratory impairment ... was due 'at least in part' to his pneumoconiosis." Id. at 15. Claimant presented medical evidence that he suffered from pneumoconiosis, in addition to bronchitis, a history of tuberculosis and hypertension. We were advised by counsel for the Director that he acquiesces on the Adams' standard.
 
 
 2
 We therefore REVERSE and REMAND to the Board for consideration under the appropriate standard. The Administrative Law Judge (ALJ) decided the case based on his finding that claimant failed to prove that he was "totally disabled due to pneumoconiosis." Claimant's physician was not able to apportion claimant's functional limitations among his various ailments. Under Adams ' standard, such apportionment is unnecessary. He was not asked, however, whether claimant had a respiratory impairment which totally disabled him from coal mine employment. Because a finding of total disability is required to receive benefits, Zimmerman v. Director, OWCP, 871 F.2d 564, 566 (6th Cir.1989), the matter must be remanded to the ALJ to determine whether claimant is "totally disabled" from coal mine employment by reason of a respiratory condition. We reject claimant's argument that where the medical evidence is insufficient to establish that he suffers from a totally disabling respiratory impairment or some other nonrespiratory impairment, he is nevertheless entitled to benefits. Adams did not so hold and the statute clearly states that the total disability from mine work must stem from a respiratory impairment.
 
 
 3
 Accordingly, the judgment of the Benefits Review Board is REVERSED and REMANDED.