932 F.2d 968
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ernest F. HADDIX, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 90-3608.
 United States Court of Appeals, Sixth Circuit.
 May 6, 1991.
 
 Before RALPH B. GUY JR., and ALAN E. NORRIS, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Ernest Haddix, petitioner, worked for six years as a coal miner at various periods within the meaning of Sec. 402(d) of the Black Lung Benefits Act, ending in the late 1950s, terminating his coal mining work voluntarily. He brought this claim for benefits in late 1981, after having worked in automobile plants for nearly fifteen years and in other work for about five more years.
 
 
 2
 Three medical exams are at issue in this case. In 1982, the Department of Labor secured the services of Dr. Stephen Kreitzer who found "[n]o x-ray evidence of pneumoconiosis," and "[s]ignificant tobacco exposure" as well as "[s]evere obstructive lung disease."
 
 
 3
 In 1983, Haddix' treating doctor, Dr. Price Sewell, reported:
 
 
 4
 This patient has severe chronic lung disease. His pulmonary function restricts him from doing work requiring walking, bending or lifting. He is unable to stand for extended periods. He is unable to walk up one flight of stairs without resting.
 
 
 5
 He should avoid dusty or noxious inhalants to prevent further damage to his lungs.
 
 
 6
 On the basis of this report, Haddix requested a modification of the previous administrative denial of his claim. In 1986, Haddix underwent a battery of studies. Dr. T.R. Marshall, a radiologist and B-reader, found evidence of pneumoconiosis on Haddix' x-ray and also made notes at the bottom of his report that Haddix had smoked for 28 years. Dr. Mitchell Wicker, Jr., Haddix' treating physician, diagnosed Haddix as having chronic pulmonary disease, and cor pulmonale, among other disorders in January of 1987. He rendered no specific opinion on disability but recommended treatment "at home."
 
 
 7
 On July 1, 1988, the administrative law judge (ALJ) hearing the case determined that Haddix had pneumoconiosis and was completely disabled but that Haddix had not borne his burden of proof as to coal mine employment as a causative basis for the disability or pneumoconiosis. That determination of the ALJ was affirmed by the Benefits Review Board which held that Haddix must establish that he "suffered from pneumoconiosis, that the pneumoconiosis arose out of coal mine employment, and that the pneumoconiosis was totally disabling," citing Grant v. Director, 857 F.2d 1102 (6th Cir.1988). The Board held that the ALJ's decision was "supported by substantial evidence and contains no reversible error." Appeal to this court ensued.
 
 
 8
 The ALJ and the Board were correct that in order to establish entitlement to black lung disability benefits, Haddix needed to prove that his coal mine employment caused him to suffer from pneumoconiosis and that the pneumoconiosis totally disabled him.[1] Adams v. Department of Labor, 886 F.2d 818, 820 (6th Cir.1989).
 
 
 9
 [T]he claimant must ... adduce affirmative evidence that his pneumoconiosis was a contributing cause to his total disability, and the ALJ must be convinced of this fact by a preponderance of the evidence.
 
 
 10
 Id. at 825-26 n. 9. If the record suggests an alternative potential cause of pneumoconiosis (and/or chronic obstructive lung disorder), the claimant must prove that exposure to coal dust caused the disease in part.[2] See 20 C.F.R. Sec. 718.203; Southard v. Department of Labor, 732 F.2d 66 (6th Cir.1984).
 
 
 11
 Although Congress did not relieve the disabled miner who is not entitled to presumptive causation of the burden of establishing a causal relationship, the meaning of this requirement is tempered by the Act's legislative history and its remedial nature. In short, the Act suggests that a miner must establish a contributory relationship, as opposed to the causal etiology of any discre[te] exposure period. That is, a miner need not establish his period of "coal mine employment," of itself, caused the disease, but only that it contributed to the disease.
 
 
 12
 Southard, 732 F.2d at 71.
 
 
 13
 The Board will be upheld when it affirms an ALJ's decision that is supported by substantial evidence and is in accordance with law. York v. Benefits Review Board, 819 F.2d 134, 136 (6th Cir.1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1935)). Thus, we must affirm the holding of the Benefits Review Board in this case unless there is no substantial evidence to support the decision of the Department of Labor that Haddix failed to prove that coal dust caused his pneumoconiosis, at least in part, or that it was at least a contributing cause of his total disability.
 
 
 14
 The ALJ found that Haddix suffered from pneumoconiosis despite considerable, conflicting evidence on this question. He also found Haddix had provided evidence of total disability. These two findings alone are not sufficient, however, to establish causation between the pneumoconiosis and the disability. 20 C.F.R. Sec. 718.204(c)(5); Zimmerman v. Department of Labor, 871 F.2d 564 (6th Cir.1989).
 
 
 15
 Haddix argues that "Dr. Wicker's diagnosis of cor pulmonale and Dr. Sewell's proscription of dusty inhalants should be considered on the question of causation of disability." In support of his position, Haddix cites Christian v. Monsanto Corp., 12 Black Lung Rep. 1-56 (B.R.B.1984). In that case, the Benefits Review Board remanded a claim to the ALJ to consider a doctor's report which found cor pulmonale. The Benefits Review Board stated that since cor pulmonale often follows pneumoconiosis and may indicate total disability, that it "may be relevant in determining whether a miner's disability was caused by pneumoconiosis." Id. at 1-58. The Board did not, however, indicate in Christian that causation is proven by a finding of cor pulmonale. In the case at bar, the ALJ clearly did address the findings of both Dr. Wicker and Dr. Sewell. The ALJ found, however, that since they did not explicitly address the etiology issue and since Dr. Kreitzer did carefully consider the issue and drew conclusions against Haddix, that petitioner had not borne his burden of proof of causation. The ALJ stated that "the only physician who addressed etiology was Dr. Kreitzer and he noted Mr. Haddix' significant tobacco exposure and concluded that the diagnosed condition of severe obstructive lung disease was not caused by coal mine employment."
 
 
 16
 The strength of Dr. Kreitzer's conclusions, based upon physical examination and studies, is substantial evidence to support the finding of the ALJ. See e.g. Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir.1983) (finding substantial evidence existed in face of conflicting medical opinions). As noted by the Director, a diagnosis of cor pulmonale and pneumoconiosis can combine to prove total disability only when cor pulmonale is shown to exist with "right sided congestive heart failure." 20 C.F.R. Sec. 718.204(c)(3), (5); Newell v. Freeman United Coal Mining Co., 13 Black Lung Rep. 1-37 (Ben.Rev.Bd.1988). Dr. Kreitzer found no heart problems.
 
 
 17
 There was no error in the ALJ's finding that Haddix worked less than ten years in coal mines and that the ten year presumption did not apply in petitioner's favor. We find substantial evidence to support the conclusion that Haddix "failed to carry his burden of proving that either his total disability or pneumoconiosis was caused by his coal mine employment." The Benefits Review Board also concluded that the medical opinions of record of Drs. Sewell and Wicker "fail to address the etiology of claimant's disability," and that "claimant has failed to establish a requisite element of entitlement under Section 718.204(b)." We find substantial evidence to support a conclusion that Haddix' impairment was not demonstrated to be caused by pneumoconiosis or by coal mining activity.
 
 
 18
 Accordingly, we AFFIRM the denial of benefits.
 
 
 
 [1]
 Haddix is not aided by the presumptions of 20 C.F.R. Secs. 718.203(b), 718.305(a), since he has worked less than ten years in a coal mine
 
 
 [2]
 In this case, the long years of smoking by Haddix and his employment in dusty factory environments over many years may provide potential alternatives. See Wisniewski v. Director, No. 88-3521, slip op. at 18 (3d Cir. Apr. 3, 1991)