977 F.2d 584
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Helen ZIMMERMAN, Widow of Harold Zimmerman, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 92-3122.
 United States Court of Appeals, Sixth Circuit.
 Sept. 25, 1992.
 
 Before KEITH, DAVID A. NELSON and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Helen Zimmerman, through counsel, petitions for review of the Benefits Review Board's (BRB) decision denying her benefits under the Black Lung Benefits Act. 30 U.S.C. §§ 901-945. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, counsel for all parties have waived oral argument in this case.
 
 
 2
 The claimant filed for benefits on July 17, 1986, on the basis of her deceased husband's employment in the coal mining industry. Her claim was administratively denied on October 31, 1986. After a formal hearing, the Administrative Law Judge (ALJ) who heard her claim issued a Decision and Order denying benefits, on June 8, 1988. Mrs. Zimmerman appealed the ALJ's decision to the BRB, which affirmed the denial of benefits, by Order issued December 19, 1991.
 
 
 3
 This court has recognized that it must affirm the BRB's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). This court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985).
 
 
 4
 Mrs. Zimmerman's deceased husband was awarded benefits, during his lifetime, pursuant to one of this court's prior orders. See Zimmerman v. Director, OWCP, 871 F.2d 564 (6th Cir.1989). However, because Mrs. Zimmerman filed her claim after January 1, 1982, she is not automatically entitled to receive benefits based on her husband's entitlement, but must now affirmatively establish that the miner's death was "due to pneumoconiosis" as defined by the Act and regulations. See 20 C.F.R. §§ 725.1(h)(5) and 725.212. Therefore, the ALJ properly applied § 718.205(c) to her claim, which provision sets forth three means by which death due to pneumoconiosis may be established: 1) where competent medical evidence establishes that the miner's death was due to pneumoconiosis; 2) where pneumoconiosis is a substantially contributing cause or factor leading to the miner's death or where the death was caused by complications of pneumoconiosis; and 3) where the presumption set forth at § 718.304 is applicable.
 
 
 5
 On appeal, the claimant agrees that § 718.205(c)(1) and § 718.205(c)(3) are not applicable to her claim, as analysis of the evidence under those sections does not support her case. Mrs. Zimmerman contends only that when the evidence is analyzed under § 718.205(c)(2), that the result should be an award of benefits. The principle evidence relied upon by the claimant is a death certificate, autopsy report, and other documentation of record revealing that Dr. P. Isra treated Harold Zimmerman for pneumoconiosis for at least three years prior to the time of his death. The ALJ did discuss all of these documents in his Decision and Order. However, it is submitted that the ALJ erred when applying the law to this evidence which was not harmless to the outcome of this claim.
 
 
 6
 The ALJ correctly noted that the death certificate reports adenocarcinoma of the stomach due to hepatic cancer metastasis as the immediate cause of death and that "probable pneumoconiosis" is listed as another significant condition at the time of death. However, the ALJ then made the following comments in regard to the death certificate:
 
 
 7
 Dr. Kinnard was the certifying physician but the record contains no indication that he had treated the miner or was aware of the miner's medical and/or occupational history. Additionally, it is unclear whether Dr. Kinnard's notation of "probable pneumoconiosis" under other significant conditions means that he believed the miner probably had pneumoconiosis or whether pneumoconiosis probably contributed to the miner's death. Due to the equivocal nature of Dr. Kinnard's notation of "probable pneumoconiosis" and the lack of supporting documentation for his opinion, I find the death certificate insufficient to establish that pneumoconiosis, or complications therefrom, was a substantially contributing cause of the miner's death.
 
 
 8
 What the ALJ failed to mention is that the death certificate was also signed and apparently completed by Dr. Isra, whom the record unequivocally shows was Harold Zimmerman's treating physician at the time of his death.
 
 
 9
 It is usually within the ALJ's discretion to weigh and resolve inconsistencies in the medical evidence. However, in this case, the ALJ has failed to consider an important and determinative part of the death certificate, i.e., the presence of Dr. Isra's signature on that document, showing probable pneumoconiosis as a contributing factor to the miner's death. For this reason, the BRB's decision must be reversed.
 
 
 10
 There is a second reason why the BRB decision must be vacated. After discussing the relevant medical evidence under the applicable law in § 718.204(c), the ALJ concluded that "neither the death certificate nor the autopsy report establishes that the miner's death was significantly related to or aggravated by pneumoconiosis " which is the standard applied to survivors' claims filed after January 1, 1982, pursuant to § 718.205(b) (emphasis added). This court has held that when an ALJ applies this particular language to claims filed after January 1, 1982, the proper course is for the court to remand the case to the ALJ in order to comply with the policy of ensuring benefits to all who qualify under the Act. Griffith v. Director, OWCP, No. 90-3160, slip op. at 3-4 (6th Cir. Oct. 29, 1990) (per curiam) (unpublished). In Griffith, this court further held that any reference to the correct legal standard found in § 718.205(c), which requires pneumoconiosis to be a "substantially contributing cause" of death, does not serve to cleanse the application of an errant standard. Griffith, slip op. at 3.
 
 
 11
 Mrs. Zimmerman argues, on appeal, that she has met her burden of proof by showing that her husband's death was due to pneumoconiosis, and thus, § 718.205(d) should be applied to her case. The relevant portion of that provision reads as follows:
 
 
 12
 To minimize the hardships to potentially entitled survivors due to the disruption of benefits upon the miner's death, survivors' claims filed on or after January 1, 1982, shall be adjudicated on an expedited basis in accordance with the following procedures. The initial burden is upon the claimant, with the assistance of the district director, to develop evidence which meets the requirements of paragraph (c) of this section. Where the initial medical evidence appears to establish that death was due to pneumoconiosis, the survivor will receive benefits unless the weight of the evidence as subsequently developed by the Department or the responsible operator establishes that the miner's death was not due to pneumoconiosis as defined above. However, no such benefits shall be found payable before the party responsible for the payment of such benefits shall have had a reasonable opportunity for the development of rebuttal evidence.
 
 
 13
 The Director states that Mrs. Zimmerman is suggesting her burden of proof is "somehow lessened" by 20 C.F.R. § 718.205(d). However, the widow is arguing only that her burden of proof has been met and that the Director has failed to develop evidence to prove that her husband's death was not due to pneumoconiosis.
 
 
 14
 We agree with Mrs. Zimmerman that she has met her burden of proof. Accordingly, the BRB's decision is hereby vacated and remanded with the direction to award benefits to the claimant, Mrs. Zimmerman, pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.