999 F.2d 540
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ISLAND CREEK COAL COMPANY, Petitioner,
v.
Alva N. STARKEY; Director, Office of Workers' Compensation
Programs; United States Department of Labor, Respondents.
 No. 92-4028.
 United States Court of Appeals, Sixth Circuit.
 July 23, 1993.
 
 Before MILBURN and BOGGS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Island Creek Coal Company petitions this court for review of the Benefit Review Board's decision that Alva Starkey qualifies for federal disability benefits, under the Black Lung Benefits Act ("Act"), 30 U.S.C. §§ 901 et seq.. Island Creek contends that substantial evidence in the record does not support the administrative law judge's ("ALJ") findings that Starkey has pneumoconiosis, as defined by 20 C.F.R. § 718.202, and that Starkey is totally disabled due to pneumoconiosis. We deny the petition.
 
 
 2
 * Starkey was born on March 16, 1929. He worked in coal mines for approximately twenty-two years, including working for Island Creek his final fifteen years, from 1968 to 1983. In 1983, Starkey suffered a heart attack, and the Island Creek mine where he worked shut down while he was recuperating in the hospital. Starkey has not worked since the heart attack because of pulmonary and heart ailments. In addition to his coal mining employment, a possible cause of Starkey's ailments is cigarette smoking. Starkey began smoking when he was eighteen, and although he quit on several occasions over the years, he was still smoking as recently as 1986. He smoked approximately 3/4 to one pack per day.
 
 
 3
 Starkey filed his application for black lung benefits with the United States Department of Labor on July 7, 1983. On October 29, 1987, the ALJ found that Starkey had established that he suffered from pneumoconiosis, that his pneumoconiosis was related to his work in the coal mines, and that he was totally disabled due to pneumoconiosis. Accordingly, the ALJ awarded Starkey benefits.
 
 
 4
 On June 7, 1990, the Benefits Review Board ("Board") vacated the ALJ's decision and remanded the claim for reconsideration because of two errors. First, the Board held that the ALJ erred by finding that the presumption in 20 C.F.R. § 718.305 was applicable to this case, and by considering the issue of whether pneumoconiosis was established under 20 C.F.R. § 202(a)(3). The Board remanded for consideration of this latter issue under 20 C.F.R. § 718.202(a)(4), instead. Second, the Board held that "[i]nasmuch as the administrative law judge found that total disability was established pursuant to Section 718.204(c) based on a qualifying pulmonary function study, without weighing it against contrary probative evidence of record ... we vacate the ... finding that claimant established total disability pursuant to Section 718.204(c)...."
 
 
 5
 On June 7, 1990, the ALJ issued a second order awarding damages, and on June 29, 1990, the ALJ issued an order on motion for reconsideration awarding damages. In these orders, the ALJ based his findings that Starkey proved that he has pneumoconiosis and that he is totally disabled on the medical judgment of a physician, in accordance with 20 C.F.R. §§ 718.202(a)(4) and 718.204(c). On February 24, 1992, the Board affirmed the ALJ's order. On September 16, 1992, the Board issued an order on motion for reconsideration, again affirming the ALJ's order.
 
 II
 
 6
 * This court's " 'scope of review is limited to scrutinizing Board decisions for errors of law and for adherence to the statutory standard governing the Board's review of the administrative law judge's factual determinations.' " Warman v. Pittsburg & Midway Coal Mining Co., 839 F.2d 257, 258 (6th Cir.1988) (quoting Welch v. Benefits Review Board, 808 F.2d 443, 445 (6th Cir.1986)). This court must uphold the ALJ's findings of fact if they are supported by substantial evidence in the record considered as a whole. Tussey v. Island Creek Coal Co., 982 F.2d 1036, 1042 (6th Cir.1993). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985). The ALJ's factual findings, and not the Board's, warrant the statutorily-mandated deference. Zimmerman v. Director, Office of Workers' Compensation Programs, 871 F.2d 564, 566 (6th Cir.1989).
 
 B
 
 7
 Because Starkey filed his claim after March 31, 1980, his claim must be considered under the Secretary of Labor's permanent regulations, codified at 20 C.F.R. Part 718. To qualify for benefits, Starkey must show: 1) that he has pneumoconiosis, as defined by 718.201, 2) that the pneumoconiosis arose at least in part from his twenty-two years of coal mine employment, and 3) that he is totally disabled due at least in part to pneumoconiosis. Adams v. Director, OWCP, 886 F.2d 818, 820 (6th Cir.1989). Starkey bears the burden of proving these three elements by a preponderance of the evidence. Ibid. Island Creek contends that Starkey failed to prove the first and third elements.
 
 III
 
 8
 * First, Island Creek contends that the ALJ's finding that Starkey has pneumoconiosis, as defined by 20 C.F.R. § 718.201, is not supported by substantial evidence. Pneumoconiosis is defined, for the purpose of the Act, as:
 
 
 9
 ... a chronic dust disease of the lung and its sequelae ... arising out of coal mine employment.... For purposes of this definition, a disease "arising out of coal mine employment" includes any chronic pulmonary disease resulting in respiratory or pulmonary impairment significantly related to, or substantially aggravated by, dust exposure in coal mine employment.
 
 
 10
 20 C.F.R. § 718.201. Specifically, Island Creek contends that there is no evidence in the record that Starkey's chronic pulmonary disease is "substantially aggravated" by dust exposure in coal mine employment.
 
 
 11
 The record reflects that Starkey was examined by two physicians. Dr. Samuel Traughber examined Starkey on September 8, 1983. He diagnosed arteriosclerotic cardiovascular disease with myocardial infarction. Dr. Traughber did not diagnose emphysema or pneumoconiosis.
 
 
 12
 Dr William Anderson examined Starkey on January 7, 1986, and he explained his conclusions in a deposition taken on June 6, 1986. Dr. Anderson diagnosed category 1 pneumoconiosis, arteriosclerotic heart disease with previous myocardial infarction, and pulmonary emphysema. He stated that the emphysema was "a result of cigarette smoking," but that it was "aggravated" by exposure to coal dust. As Island Creek points out, Dr. Anderson agreed on cross-examination that the aggravation due to coal dust exposure would subside once the exposure ended.
 
 
 13
 The ALJ based his finding that Starkey has pneumoconiosis, as defined by the regulations, on Dr. Anderson's opinion that Starkey's emphysema was "aggravated" by exposure to coal dust. The ALJ explained that he gave more weight to Dr. Anderson's opinion than Dr. Traughber's because Dr. Anderson had superior qualifications, his opinion was based on a more recent examination, and he provided a more detailed explanation to support his conclusions. In his Order as to Motion for Reconsideration, the ALJ addressed Island Creek's argument that Dr. Anderson never opined that coal dust substantially aggravated Starkey's emphysema:
 
 
 14
 While the supporting brief observed that Dr. Anderson did not express the opinion that coal dust exposure substantially aggravated the miner's emphysema, it was reasonable to infer that he took this into consideration on the basis of his acquaintance with the patient's employment history in this case. The contrary approach would elevate the form of his words and written report over the substance of his content. In short, no formula of words appears to be necessary to convey the idea that he connected up the emphysema with the coal dust exposure, since the reporting expert clearly recognized that such a health hazard was operative in this case.
 
 
 15
 Dr. Anderson's failure to insert the word "substantially" before "aggravated" does not render his testimony an unreasonable basis for the ALJ's finding. Dr. Anderson discussed the relationship between long-term exposure to coal dust and pneumoconiosis, and he opined that Starkey's emphysema was aggravated, though not caused, by the coal dust exposure. Dr. Anderson's credentials in pulmonary medicine are impressive, and it is significant that Dr. Anderson examined Starkey almost three years after Dr. Traughber. Accordingly, we conclude that Dr. Anderson's testimony, when viewed in its entirety, provides substantial evidence to support the ALJ's finding that Starkey has pneumoconiosis.
 
 B
 
 16
 To establish entitlement to black lung benefits, Starkey must prove that he is totally disabled due at least in part to his pneumoconiosis. Adams v. Director, OWCP, 886 F.2d at 825. Under 20 C.F.R. § 718.204(b), a miner is totally disabled if pneumoconiosis prevents the miner "1) From performing his or her usual coal mine work; and 2) From engaging in gainful employment in the immediate area of his or her residence requiring the skills or abilities comparable to those of any employment in a mine or mines in which he or she previously engaged with some regularity over a substantial period of time."
 
 
 17
 The ALJ based his finding that Starkey is totally disabled due to pneumoconiosis on the medical judgment of Dr. Anderson. Dr. Anderson and Dr. Traughber both concluded that Starkey is totally disabled, as defined by 20 C.F.R. § 718.204. Dr. Traughber opined that his disability was probably caused by his cigarette smoking, but he did not rule out the possibility that it was also related to coal dust exposure. Dr. Anderson testified that Starkey was totally disabled because of his heart disease and his pulmonary emphysema. He testified that Starkey has a type of emphysema associated with smoking and that his disability was not caused by pneumoconiosis or his past exposure to coal dust. However, Dr. Anderson did testify that coal dust exposure aggravated the symptoms of pulmonary emphysema. Based on this evidence the ALJ concluded: "While the two physicians agreed that Claimant is totally disabled by emphysema or some condition related to smoking, neither of them ruled out the effects of claimant's pneumoconiosis and his coal mine employment history on his respiratory impairment."
 
 
 18
 The Sixth Circuit has long recognized that " 'the Act is remedial in nature, and it must be liberally construed to include the largest number of miners as benefits recipients.' " Tussey v. Island Creek Coal Co., 982 F.2d at 1042 (quoting Southard v. Director, OWCP, 732 F.2d 66, 71 (6th Cir.1984)); see also Adams, 886 F.2d at 825. The Sixth Circuit has also recognized that a primary purpose of the Act is "to permit benefits to be awarded to miners whose entitlement under State workers' compensation laws was precluded by burdensome causation requirements." Adams, 886 F.2d at 825. However, even though a claimant need not show that his coal mine employment was the primary or sole cause of his total disability, he "must still adduce affirmative evidence that his pneumoconiosis was a contributing cause to his total disability, and the ALJ must be convinced of this fact by a preponderance of the evidence." Id. at 825-26 n. 9 (emphasis added).
 
 
 19
 The ALJ found that Starkey's emphysema was "substantially aggravated" by coal dust exposure and that emphysema is therefore pneumoconiosis, or "a disease arising out of coal mine employment" as defined by the regulation. 20 C.F.R. § 718.201. Since the emphysema is thus a form of "pneumoconiosis," Starkey is totally disabled due at least in part to pneumoconiosis if he is totally disabled due at least in part to the emphysema. Adams v. Director, OWCP, 886 F.2d at 825. It is undisputed that emphysema is the cause of Starkey's total disability. Therefore, because we have already found that substantial evidence supports the ALJ's finding that the emphysema was substantially aggravated by coal dust exposure and is thus a form of pneumoconiosis, it logically follows that substantial evidence supports the finding that Starkey is totally disabled at least in part by his pneumoconiosis. We agree with Island Creek that some of Dr. Anderson's comments during cross-examination are troubling. However, if supported by substantial evidence, the ALJ's determination must be upheld even if we would resolved the issues of fact differently. We conclude, after careful consideration of the record as a whole, that the evidence, as discussed above, supports the ALJ's determination.
 
 IV
 
 20
 For the foregoing reasons, we DENY Island Creek's petition for review.