64 F.3d 664
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
YOUGHIOGHENY AND OHIO COAL CO. Petitioner,
v.
Elio SCOPEL; Director, Office of Workers' Compensation
Programs, Department of Labor, Respondents.
 No. 94-3671.
 United States Court of Appeals, Sixth Circuit.
 Aug. 15, 1995.
 
 On Appeal from an Order of the Benefits Review Board, United States Department of Labor, No. 92-0521 BLA.
 Ben.Rev.Bd.
 REVERSED.
 Before: KEITH and BATCHELDER, Circuit Judges; and DUGGAN, District Judge.*
 PER CURIAM.
 
 
 1
 Youghiogheny and Ohio Coal Co. ("Y&O") appeals the Benefits Review Board's (BRB) decision to affirm the Administrative Law Judge's decision granting benefits to the claimant. Elio Scopel. For the reasons that follow we reverse and remand for further proceedings.
 
 I.
 
 2
 Scopel, a coal-mine worker for 35 years, retired from Y&O in 1983. Scopel filed two applications for benefits under the Black Lung Benefits Act, 30 U.S.C.A. Secs. 901 - 962 (West 1986). The Director of the Office of Workers' Compensation ("Director") denied Scopel's first application in 1984, by reason of abandonment.
 
 
 3
 In 1986, Scopel filed a second claim which the Director initially denied. Scopel submitted additional medical evidence on several more occasions until the Director found a change in condition allowing reconsideration. Upon reconsideration, the Director determined that a preponderance of the evidence showed that Scopel did not have pneumoconiosis and recommended that Scopel's claim be denied. Scopel requested a formal hearing.
 
 
 4
 The case was referred to the Administrative Law Judge (ALJ) where the parties motioned to have the case determined on the record. After considering all the evidence, the ALJ awarded Scopel benefits by invoking the "true doubt" rule. The BRB affirmed the ALJ's findings. Y&O timely appealed the BRB's decision.
 
 II.
 
 5
 This Court applies a narrow scope of review for appeals from the BRB. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir. 1990). The BRB can set aside the ALJ's findings of fact only if they are not supported "by substantial evidence in the record considered as a whole ...." Id. This Court must affirm the BRB's decisions unless the BRB has committed a legal error or exceeded its scope of review of the ALJ's factual findings. Id. (citations omitted). This rule is equivalent to the BRB's substantial evidence test; thus when reviewing a decision of the BRB this Court must focus on whether the ALJ had substantial evidence upon which to base his decision. Zimmerman v. Director, OWCP, 871 F.2d 564, 566 (6th Cir. 1989).
 
 
 6
 In seeking black lung benefits a claimant must show three things: (1) that he suffers from pneumoconiosis (black lung disease); (2) that the pneumoconiosis arose at least partially from his coal mine employment; and (3) that he is totally disabled by the disease. Adams v. Director, OWCP, 886 F.2d 818, 820 (6th Cir. 1989). In the past, courts have applied the "true doubt" rule to black lung cases. That rule allowed the claimant to receive benefits if the adjudicating body found the evidence for and against award to be of equal weight. Director, OWCP v. Greenwich Collieries, 114 S. Ct. 2251, 2259-60 (1994) (Souter, J., dissenting).
 
 
 7
 The Supreme Court, however, recently determined that the "true doubt" rule conflicts with Sec. 7(c) of the Administrative Procedure Act (APA), 5 U.S.C.A. Sec. 556(d). Greenwich Collieries, 114 S. Ct. at 2259. The Court held that the APA requires a claimant to meet the preponderance standard in order to receive benefits. Id. at 2257-58 (citing Steadman v. SEC, 101 S. Ct. 999 (1981)). The Sixth Circuit has defined the preponderance standard as one requiring decisions to be supported by the weight of the evidence. First Nat'l Monetary Corp. v. Weinberger, 819 F.2d 1334, 1338 (6th Cir. 1987) (citations omitted).
 
 
 8
 In the case at bar, the ALJ applied the true doubt rule to establish Scopel's total disability. In light of the Supreme Court's holding in Greenwich, therefore, the ALJ must reconsider Scopel's claim under the preponderance standard.
 
 III.
 
 9
 Accordingly, the decision of the BRB to affirm the ALJ's award of benefits is REVERSED and REMANDED for proceedings not inconsistent with this opinion.
 
 
 
 *
 The Honorable Patrick J. Duggan, United States District Court for the Eastern District of Michigan, sitting by designation