**Alene A. SMITH, Petitioner,**

v.

**SAGINAW MINING COMPANY; Director, Office of Workers' Compensation Programs, United States, Respondents.**

**No. 01–3955.**

United States Court of Appeals, Sixth Circuit.

Dec. 6, 2002.

Before KRUPANSKY, SILER, and COLE, Circuit Judges.

### *ORDER*

Alene A. Smith, an Ohio resident, petitions through counsel for review of a Benefits Review Board order affirming an administrative law judge's decision denying her claim for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–45. The parties have waived oral argument,

and this panel unanimously agrees that oral argument is not necessary in this case. Fed. R.App. P. 34(a).

Mrs. Smith is the widow of a coal miner. Mrs. Smith and the miner were married in 1945, and the miner died in 1999 at the age of seventy-five. Mrs. Smith then filed this claim for black lung survivor's benefits, which was consolidated with the miner's pending claim. Respondent subsequently agreed to pay the miner's claim for benefits, as the record evidence established that he had twenty-seven years of coal mine employment, suffered from pneumoconiosis, and was totally disabled from a respiratory standpoint prior to his death. The survivor's claim was presented to an administrative law judge (ALJ), who determined that the claim must be denied because the evidence did not establish that the miner's death was due to pneumoconiosis. The Benefits Review Board affirmed that decision, and this petition for review followed.

This court reviews the decision of an ALJ in a black lung benefits case to determine whether it is supported by substantial evidence. *Zimmerman v. Dir., OWCP*, 871 F.2d 564, 565 (6th Cir.1989). In this case, the evidence relevant to the issue of whether the miner's death was caused by pneumoconiosis consists of the hospital records immediately preceding his demise, an autopsy of the lungs and heart, the death certificate, and an opinion of a reviewing physician. The miner was hospitalized from March 17 to 20, 1999, with diagnoses of chronic heart failure, severe chronic obstructive pulmonary disease, atrial fibrillation, pulmonary hypertension, ascites, coal worker's pneumoconiosis, severe cor pulmonale, and status post bypass, pacemaker, and valve replacement. He left the hospital against the doctor's advice. He was readmitted from March 24 to 29. Although he denied any recent head trauma, he was discovered to have a subdural hematoma. The doctor advised surgical intervention, but the family determined to treat him with palliative care and he was transferred to a hospice where he died on March 31. An autopsy of the heart and lungs revealed moderate coal worker's pneumoconiosis, extensive pericardial and pleural adhesions, moderate nodular fibrosis with anthracotic pigmentation and rigidity of the lungs. The physician who had attended the miner during his final hospitalization completed the death certificate after review of the autopsy results. He listed cardiopulmonary arrest due to a subdural hematoma as the cause of death, and listed black lung disease as a significant condition contributing to the death. This evidence was reviewed by another physician, who opined that death was due to a subdural hematoma and not pneumoconiosis.

In order to be entitled to survivor's benefits, Mrs. Smith had to establish that the miner's death was due to pneumoconiosis. *Brown v. Rock Creek Mining Co.*, 996 F.2d 812, 816 (6th Cir.1993). Death will be found to be due to pneumoconiosis if that disease hastened the miner's death in any way. *Griffith v. Dir., OWCP*, 49 F.3d 184, 186 (6th Cir.1995). Mrs. Smith urges the court to conclude that pneumoconiosis hastened the miner's death based on the death certificate, noting that the physician who prepared that document treated the miner during his final hospitalizations, and therefore his opinion is entitled to greater weight, citing *Tussey v. Island Creek Coal Co.*, 982 F.2d 1036, 1042 (6th Cir.1993). However, this physician was not the treating physician for any length of time, as it does not appear that he had treated the miner before the hospitalization preceding his death. Moreover, as noted by the ALJ, the notation of black lung disease on the death certificate as a contributing cause of death is entirely unexplained and

unsupported by the other evidence of record. A physician's statement that pneumoconiosis hastened a miner's death, without any explanation of that conclusion, has been found insufficient to support such a finding. *Bill Branch Coal Corp. v. Sparks,* 213 F.3d 186, 192 (4th Cir.2000); *Lango v. Dir., OWCP,* 104 F.3d 573, 577 (3d Cir. 1997). And, where the ALJ has set forth the reasons for the assignation of weight to a doctor's opinion, the court defers to the ALJ's findings, *Hobbs v. Clinchfield Coal Co.,* 45 F.3d 819, 820 (4th Cir.1995), rather than substituting its judgment for that of the ALJ. *Tenn. Consol. Coal Co. v. Kirk,* 264 F.3d 602, 606 (6th Cir.2001). Here, substantial evidence supports the ALJ's conclusion that the listing of black lung disease on the death certificate was unsupported and entitled to no weight. The conclusion of the reviewing physician that death was caused by a subdural hematoma was properly supported and found persuasive by the ALJ.

The claimant in a black lung benefits case must establish every element of entitlement by a preponderance of the evidence. *Mullins Coal Co. v. Director, OWCP,* 484 U.S. 135, 158, 108 S.Ct. 427, 98 L.Ed.2d 450 (1987). In this case, Mrs. Smith did not establish that the miner's death was due to pneumoconiosis. Therefore, the petition for review must be denied.