**Robert W. BARTLEY, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United States, Respondent.**

No. 03–3826.

United States Court of Appeals, Sixth Circuit.

March 17, 2004.

Robert W. Bartley, Elkhorn City, KY, for Petitioner.

Patricia Nece, Michelle S. Gerdano, U.S. Department of Labor, Washington, DC, for Respondent.

Before: NELSON, MOORE, and FRIEDMAN,* Circuit Judges.

*ORDER*

Robert W. Bartley, a Kentucky resident, petitions pro se for review of an order of the Benefits Review Board affirming the

_____

* The Honorable Daniel M. Friedman, United States Circuit Judge for the Federal Circuit, sitting by designation.

denial of his claim for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–45. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Bartley was born in 1924. He worked in the coal mining industry for most of his life, in addition to two periods of military service. His initial application for black lung benefits was denied by an administrative law judge (ALJ) in 1986, who determined that Bartley had approximately 27 years of coal mine employment at that time, and that the respondent had conceded that Bartley suffered from pneumoconiosis. This was sufficient to raise a presumption that Bartley was entitled to benefits, but the presumption was rebutted due to the fact that Bartley was still working as a federal Coal Mine Health and Safety Administration inspector. Therefore, the claim was denied. In 1989, Bartley retired due to disability, and he filed a duplicate claim for black lung benefits in 1994. An ALJ determined that Bartley had still not established that he was totally disabled, and again denied the claim. Bartley requested modification within one year of that decision. An ALJ found no mistake had been made in the most recent decision, and denied the claim again. That decision was affirmed by the Benefits Review Board (BRB), but was vacated and remanded by this court for further consideration of the physicians' opinions on disability. *Bartley v. Director, OWCP,* No. 00–4390 (6th Cir. June 7, 2001) (unpublished). Specifically, this court advised the ALJ to determine whether a report that the ALJ had stated was filed by an unidentified "attending physician" was actually from Dr. Thompson, Bartley's treating physician, who had submitted two other reports. Further, the court advised the ALJ to reconsider the weight given to Dr.

Fritzhand's conclusion that Bartley had no respiratory impairment, based on the fact that Dr. Fritzhand had not diagnosed pneumoconiosis, which had been conceded in this case. *See Skukan v. Consolidation Coal Co.,* 993 F.2d 1228, 1233 (6th Cir. 1993), *vacated on other grounds,* 512 U.S. 1231, 114 S.Ct. 2732, 129 L.Ed.2d 854 (1994).

On remand, the ALJ assumed that the third report was from Dr. Thompson, but nevertheless found that doctor's opinions on Bartley's disability unpersuasive because they were undocumented and unreasoned. Even giving no weight to Dr. Fritzhand's opinion of no respiratory impairment, the ALJ found that Bartley had not established a total disability. The BRB affirmed that decision.

A decision in a black lung benefits case is reviewed to determine if it is supported by substantial evidence. *Gray v. SLC Coal Co.,* 176 F.3d 382, 387 (6th Cir.1999). Upon careful consideration, we conclude that the decision in this case meets this standard.

Because this was a request for modification, Bartley was required to show that a mistake of fact was made in denying his 1994 claim. *Consolidation Coal Co. v. Worrell,* 27 F.3d 227, 229–30 (6th Cir. 1994). Because that claim was a duplicate, Bartley was required to establish a material change in condition, or prove an element of entitlement that had previously been adjudicated against him. *Sharondale Corp. v. Ross,* 42 F.3d 993, 996–98 (6th Cir.1994). Although the previous claim had been denied because Bartley was still working, and he had retired under a disability by the time the duplicate claim was filed, *see Lisa Lee Mines v. Director, OWCP,* 86 F.3d 1358, 1365 (4th Cir.1996) (en banc), the ALJ concluded that the new medical evidence did not establish a material change in condition because it did not show that Bartley was totally disabled.

The ALJ therefore did not need to address the medical evidence submitted with the prior claim. *See Grundy Mining Co. v. Flynn,* 353 F.3d 467 (6th Cir.2003).

Of the new medical evidence, none of the pulmonary function studies, blood gas studies, or other evidence besides doctors' opinions was supportive of a total disability. The decision on remand from this court was limited to a reconsideration of the doctors' opinions on this issue. In examining these opinions, the ALJ noted that Dr. Page opined only that Bartley should retire due to disability, but did not state that the disability was due to pneumoconiosis. Dr. Booth reported a disability due to exertional shortness of breath of uncertain etiology. Bartley does have a history of arteriosclerotic heart disease, and underwent a quadruple bypass in 1983. Because Dr. Booth's opinion was speculative, the ALJ correctly determined that it was unreasoned and entitled to little weight. *U.S. Steel Mining Co. v. Director, OWCP,* 187 F.3d 384, 390 (4th Cir.1999). The three letters from Dr. Thompson, Bartley's treating physician, reported a pulmonary insufficiency due to dust exposure, opined that dust exposure contributed to Bartley's cardio-pulmonary disability, and stated that Bartley was disabled by severe cardiopulmonary disease and his dyspnea was due to dust exposure. However, the ALJ found these letters undocumented and unreasoned. Whether a physician's report is documented and reasoned is a credibility matter for the trier of fact. *Moseley v. Peabody Coal Co.,* 769 F.2d 357, 360 (6th Cir.1985). Even a treating physician's opinion is not persuasive where it is not documented and reasoned. *Eastover Mining Co. v. Williams,* 338 F.3d 501, 512–13 (6th Cir.2003). The three brief letters from Dr. Thompson were not supported by any treatment records or diagnostic tests, and his conclusions were unexplained. The ALJ therefore could properly assign them little weight. The report from Dr. Wells stated that Bartley was disabled because he should avoid dust exposure. A recommendation against further dust exposure is not sufficient to establish a total disability. *Zimmerman v. Director, OWCP,* 871 F.2d 564, 567 (6th Cir.1989). Even giving Dr. Fritzhand's opinion of no respiratory disability no weight, therefore, the other physicians' opinions were insufficient to meet Bartley's burden to prove a total disability by a preponderance of the evidence. *Adams v. Director, OWCP,* 886 F.2d 818, 820 (6th Cir.1989). Therefore, substantial evidence supports the ALJ's conclusion that no mistake of fact occurred in the determination that Bartley did not establish a material change in his condition on his duplicate claim.

For all of the above reasons, the petition for review is denied. Rule 34(j)(2)(C), Rules of the Sixth Circuit.