61 F.3d 903
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jimmie B. ARNOLD, Petitioner-Appellant,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent-Appellee.
 No. 94-3554.
 United States Court of Appeals, Sixth Circuit.
 July 18, 1995.
 
 On Appeal from the Benefits Review Board, United States Department of Labor, No. 93-0690-BLA.
 Ben.Rev.Bd.
 PETITION GRANTED.
 Before: MILBURN and SILER, Circuit Judges, and COOK,* Chief District Judge.
 MILBURN, Circuit Judge.
 
 
 1
 Claimant Jimmie B. Arnold petitions for review of a decision of the Benefits Review Board ("BRB") affirming the decision and order of an administrative law judge ("ALJ"), which denied his claim for benefits under the Black Lung Benefits Act ("Act"), 30 U.S.C. Secs. 901 et seq. On appeal, the issues are (1) whether substantial evidence support's the ALJ's finding that claimant has failed to establish total disability under 20 C.F.R. Sec. 718.204(c), and (2) whether the case should be remanded to the district director for a further pulmonary evaluation of claimant. For the reasons that follow, we grant the petition.
 
 I.
 A.
 
 2
 Claimant filed his claim for disability benefits under the Act on December 5, 1990. The claim was denied by the Department of Labor on March 19, 1991, and again on July 19, 1991. Thereafter, claimant requested a hearing before an ALJ.
 
 
 3
 A hearing was held before an ALJ on April 23, 1992. On November 16, 1992, the ALJ issued a decision and order denying the claim for benefits. Since claimant filed his claim for benefits after March 31, 1980, the ALJ adjudicated his claim under the regulations set forth in 20 C.F.R. Part 718. First, the ALJ determined that claimant had engaged in at least ten years of qualifying coal mine employment. J.A. 8. Second, the ALJ determined that the weight of the x-ray evidence of record established the existence of pneumoconiosis pursuant to 20 C.F.R. Sec. 718.202(a)(1). Third, the ALJ determined that claimant's pneumoconiosis arose out of his coal mine employment.[1] Finally, the ALJ determined that the evidence failed to establish that claimant was totally disabled due to pneumoconiosis pursuant to 20 C.F.R. Sec. 718.204.
 
 
 4
 In particular, the ALJ determined that claimant had not established total disability based upon the results of the pulmonary function studies of record under 20 C.F.R. Sec. 718.204(c)(1) because neither of the two pulmonary function studies of record produced results that satisfied the criteria for total disability set forth in Sec. 718.204(c)(1). The ALJ also determined that claimant had not established total disability based upon the results of the arterial blood gas studies of record under 20 C.F.R. Sec. 718.204(c)(2). The ALJ found that the record contained the results of two arterial blood gas studies. The first study, dated January 4, 1991, produced results that satisfied the criteria for total disability set forth in Sec. 718.204(c)(2). The second study, dated June 18, 1991, produced results that did not satisfy the criteria for total disability in Sec. 718.204(c)(2). The ALJ found that the results of the second test were more reliable, reasoning that since pneumoconiosis was a progressive and irreversible disease, the results of the later arterial blood gas study should have been worse, or no better, than the results of the earlier blood gas study.
 
 
 5
 Further, the ALJ found that claimant could not establish the existence of total disability under 20 C.F.R. Sec. 718.204(c)(3). Section Sec. 718.204(c)(4) permits a finding of total disability if a miner with pneumoconiosis is shown to be suffering from cor pulmonale with right-sided congestive heart failure; however, there was no evidence that claimant suffered from either of these conditions.[2] Finally the ALJ found that claimant had failed to establish total disability under 20 C.F.R. Sec. 718.204(c)(4) based upon the physicians' reports of record. The ALJ found that the record contained reports based on two examinations of claimant: a report by Dr. J.D. Kuziak, based on his examination of claimant on January 4, 1991; and a report by Dr. Dan M. Daneshvari, based upon his examination of claimant on June 18, 1991. The ALJ gave greater weight to the opinion of Dr. Kuziak stating:
 
 
 6
 If the evidence for total disability outweighs the evidence that the miner is not totally disabled, then the claimant may be found to have met his burden and an award [of benefits] is appropriate. Otherwise, the claim must be denied. Here, the report of Dr. Daneshvari, finding claimant totally disabled due to a variety of pulmonary conditions, including pneumoconiosis, and the qualifying arterial blood gas study results of Dr. Kuziak constitutes the evidence of total disability. Although, x-rays positive for the disease were in the preponderance, they do not constitute evidence of total disability, only of the presence of opacities consistent with pneumoconiosis. The evidence against a total disability finding consists of Dr. Kuziak's report with its finding of no clinical evidence for significant chronic pulmonary disease, all of the pulmonary function study results nonqualifying for a total disability finding under the regulations, and Dr. Daneshvari's nonqualifying resting and exercise arterial blood gas study results.
 
 
 7
 I find that the evidence that the miner is not totally disabled due to pneumoconiosis outweighs the evidence that he is so totally disabled. Dr. Kuziak's opinion is the more persuasive as it is more consistent with the result of objective testing obtained. My decision is also influenced by the factors already alluded to, namely, that all of the pulmonary function study results were nonqualifying and the later of the two arterial blood gas studies showed improvement in the miner's blood gas exchange.
 
 
 8
 ... Based on the foregoing, I find that claimant has failed to establish that he is totally disabled due to pneumoconiosis under any of the Part 718 criteria.
 
 
 9
 J.A. 13.
 
 
 10
 Claimant appealed to the BRB. On April 8, 1994, the BRB issued a decision affirming the ALJ's denial of benefits. Thereafter, on May 23, 1994, claimant timely filed a petition for review with this court.
 
 B.
 
 11
 Claimant was examined by Dr. J.D. Kuziak on January 4, 1991. Based upon an employment history of over 20 years in coal mine employment, a history of smoking one pack of cigarettes per day for approximately 22 years, a medical history, a physical examination, a chest x-ray, a pulmonary function study, and an arterial blood gas study, Dr. Kuziak stated that he could find no clinical evidence for significant chronic pulmonary disease.[3]
 
 
 12
 Dr. Dan M. Daneshvari examined claimant on June 18, 1991. Based upon an employment history of 18 years in coal mine employment, a medical history, a history of smoking less than one-half of a pack of cigarettes per day for 20 years, a physical examination, a chest x-ray, a pulmonary function study, and an arterial blood gas study, Dr. Daneshvari found evidence of coal worker's pneumoconiosis, associated with pulmonary fibrosis and partial collapse of the left lung due to the bullous type of changes at the upper portion of the left lung. Dr. Daneshvari also found moderate chronic obstructive airway disease, primarily bronchitis, associated with some emphysematous changes. J.A. 54. Dr. Daneshvari also noted that claimant experienced mild to moderate shortness of breath with mild to moderate physical exertion. Dr. Daneshvari stated that in his opinion:
 
 
 13
 [Claimant] had spent most of his left [sic] around the coal mines, and he had officially proved 18 years of coal mining, working at the tipple and other areas of the coal mines.... He does have evidence of pneumoconiosis ... He also has a moderate chronic obstructive airway disease, according to his pulmonary function studies. Considering the fact that this man's smoking was casual, not exceeding [one-half] pack per day, for 20 years, it appears that most of his pulmonary changes, both on x-ray and pulmonary function, are the result of coal dust and other pollutants in the coal mines and around the coal mines.
 
 
 14
 According to the present findings, this man is totally and permanently disabled to continue any further as a coal miner, or any comparable type of job. It is my opinion that this man's present pneumoconiosis, lung condition, is directly the result of his work in the coal industry. This gentleman's prognosis is rather guarded, and he should be under continuous medical care and follow-up.
 
 
 15
 J.A. 54.
 
 II.
 
 16
 Claimant argues that the ALJ's conclusion that Dr. Kuziak's opinion is more consistent with the results of the objective tests than Dr. Daneshvari's opinion is not supported by substantial evidence. Thus, claimant asserts that the ALJ's finding that the physician's reports of record do not establish the existence of total disability under 20 C.F.R. Sec. 718.204(c)(4) is also not supported by substantial evidence.
 
 
 17
 Our scope of review of decisions of the BRB is limited. A decision of the BRB must be affirmed if the BRB did not commit a legal error or exceed its statutory scope of review of the ALJ's findings. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). The standards of review for the BRB and this court are the same. Welch v. Benefits Review Bd., 808 F.2d 443, 445 (6th Cir.1986) (per curiam). Thus, our review on appeal focuses on whether the ALJ had substantial evidence on which to base his decision. Zimmerman v. Director, OWCP, 871 F.2d 564, 566 (6th Cir.1989).
 
 
 18
 If the ALJ's findings are supported by substantial evidence and are in accordance with the applicable law, the ALJ's findings are conclusive. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). "Substantial evidence is 'more than a mere scintilla;' substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In deciding whether the substantial evidence requirement is satisfied, we consider whether the ALJ adequately explained the reasons for crediting certain testimony and evidence over other evidence in the record in deciding to either award or deny benefits. Director, OWCP v. Congleton, 743 F.2d 428, 430 (6th Cir.1984). Finally, when dealing with a claim for benefits, we must keep in mind that the Act is remedial in nature and " 'must be liberally construed to include the largest number of miners as benefit recipients.' " Tussey v. Island Creek Coal Co., 982 F.2d 1036, 1042 (6th Cir.1993) (quoting Southard v. Director, OWCP, 732 F.2d 66, 71 (6th Cir.1984)).
 
 
 19
 In her brief, the Director concedes that the ALJ's finding that claimant is not totally disabled due to pneumoconiosis under 20 C.F.R. Sec. 718.204 must be vacated. She states:
 
 
 20
 The miner argues at length that it was error for the ALJ to credit Dr. Kuziak's opinion of non-disability under 20 C.F.R. Sec. 718.204(c)(4). On that point we agree, as Dr. Kuziak's opinion is unexplained and, consequently, inherently unreliable. However, we disagree with the miner's unexplained assertion that the remaining evidence and, in particular, the opinion by Dr. Daneshvari, "clearly supports an award of benefits." Petitioner's Brief at 12. For, at the heart of this matter is whether pneumoconiosis prevents the miner from engaging in his "usual coal mine work," and Dr. Daneshvari does not answer that question. Because, therefore, the miner's entitlement to benefits cannot be determined conclusively on this record, the Court should remand the case to the district director for the Department to fulfill its statutory obligation to provide the miner a complete and credible pulmonary evaluation. 30 U.S.C. Sec. 923(b).
 
 
 21
 Brief of Respondent at 6-7. She further states that:
 
 
 22
 [w]e agree generally with the proposition advanced by [claimant] that an administrative law judge may not reject a physician's opinion assessing total disability for the sole reason that it was based in part on a non-qualifying pulmonary function test. See Poole v. Freeman United Coal Mining Co., 897 F.2d 888, 893 (7th Cir.1990); Sabett v. Director, OWCP, 7 Black Lung Rep. (MB) 1-299, 1-301 (Ben.Rev.Bd.1984). However, we believe that the ALJ here did not attempt to substitute his opinion for those of the physicians but was, simply, evaluating the medical opinions in light of the "contrary probative evidence," i.e., the non-qualifying pulmonary function studies, as required by section 718.204(c). See Tussey v. Island Creek Coal Co., 982 F.2d 1036, 1041 (6th Cir.1993). The same cannot be said with regard to the ALJ's evaluation of the blood gas studies vis-a-vis the physicians' opinions. We agree with [claimant] that the ALJ impermissibly conducted his own evaluation of the blood gas studies to conclude, based on that evidence, that [claimant's] pulmonary condition had "improve[d]." See Casella v. Kaiser Steel Corp., 9 Black Lung Rep. (MB) 1-131, 1-135 (Ben.Rev.Bd.1986) (the interpretation of objective data is a medical determination for which the administrative law judge may not substitute his opinion.)
 
 
 23
 Brief of Respondent at 8-9 n. 4. The Director also concedes that "[i]n [her] view, Dr. Kuziak's objective testing in fact demonstrated some measurable degree of pulmonary disease and impairment." Brief of Respondent at 9. However, the Director asserts that
 
 
 24
 the record lacks a complete and credible medical evaluation of [claimant's] pulmonary capacity. 20 C.F.R. Sec. 718.204(c)(4). Moreover, the ALJ failed to specify the nature of [claimant's] usual coal mine work--the cornerstone of a finding of total disability under the Act. 20 C.F.R. Sec. 718.204(b)(1). Accordingly, the Court must vacate the ALJ's determination that the miner is not totally disabled, and remand the case for further consideration under section 718.204.
 
 
 25
 Brief of Respondent at 11. The Director asserts that this case should be remanded to allow the Department of Labor ("DOL") to fulfill its statutory obligation under 30 U.S.C. Sec. 923(b) to provide a complete and credible pulmonary evaluation to the claimant. According to the Director, DOL has not fulfilled its obligation to provide a complete pulmonary evaluation of claimant because:
 
 
 26
 Dr. Kuziak's opinion on disability is insufficiently reasoned and, thus, unreliable. The other medical opinion, by Dr. Daneshvari, is not credible because it was not based upon sufficient documentation, i.e., a work record, as required by section 718.104.
 
 
 27
 Brief of Respondent at 13. According to the Director,
 
 
 28
 [t]he problem with Dr. Daneshvari's opinion is that, in reaching his ultimate conclusion that [claimant] is "totally and permanently disabled to continue any further as a coal miner," ... he exhibited no knowledge of the exertional demands of [claimant's] usual coal mine employment. Logically, a physician can competently assess a miner's inability (or ability) to do his usual coal mine work or comparable work--the standard for total disability under the Act--only if he has knowledge of the physical requirements of that work. See Eagle v. Armco, Inc., 943 F.2d 509, 512 (4th Cir.1991).
 
 
 29
 Brief of Respondent at 10-11 (footnote omitted).
 
 
 30
 On the other hand, claimant argues that Dr. Daneshvari's opinion is sufficient to establish total disability, and, therefore, is a sufficient basis for an award of benefits. Claimant also asserts that the Director has waived any challenge to Dr. Daneshvari's alleged lack of knowledge as to the exertional demands of claimant's usual coal mine employment by failing to raise this issue below.
 
 
 31
 In order to establish entitlement to benefits under 20 C.F.R. Part 718, a claimant must prove "(1) that he suffers from pneumoconiosis; (2) that his pneumoconiosis arose at least in part out of his coal mine employment; and (3) that he is totally disabled by pneumoconiosis." Adams v. Director, OWCP, 886 F.2d 818, 820 (6th Cir.1989). The claimant has the burden of proving each of the elements of a claim for benefits by a preponderance of the evidence, unless he is aided by a presumption. Id. In Tussey we stated that
 
 
 32
 [i]n enacting Title IV of the Act, Congress intended that claimants be given the benefit of all reasonable doubt as to the existence of total or partial disability or death due to pneumoconiosis. This part shall be construed and applied in that spirit and is designed to reflect that intent. However, no claim shall be approved unless the record considered as a whole, in light of any applicable presumptions, provides a reasonable basis for determining that the criteria for eligibility under the Act and this part have been met.
 
 
 33
 Tussey, 982 F.2d at 1042 (citing 20 C.F.R. Sec. 718.2(c)).
 
 
 34
 Further, "[t]he Department of Labor has the initial duty to develop evidence pertinent to a claim by providing a living miner with a complete pulmonary examination." Cline v. Director, OWCP, 917 F.2d 9, 11 (8th Cir.1990) (citing 30 U.S.C. Sec. 923(b); 20 C.F.R. Secs. 725.405(b), 718.101)). Specifically, a claimant has a "statutory right to have the Department of Labor arrange, and pay for, a complete pulmonary evaluation." Newman v. Director, OWCP, 745 F.2d 1162, 1166 (8th Cir.1984) (per curiam). "[T]he Department [of Labor] has not fulfilled its statutory duty of providing a complete pulmonary evaluation if the record contains no credible medical opinion addressing a necessary element of the claimant's entitlement." Cline, 917 F.2d at 11 (citing Newman, 745 F.2d at 1166). The Department of Labor does not "fulfill[ ] its responsibility for providing a complete pulmonary evaluation by arranging to obtain an informed medical opinion regarding [a claimant's] condition, but then rejecting that opinion as not credible." Newman, 745 F.2d at 1166.
 
 
 35
 In this case, the ALJ found that claimant had satisfied the first two elements of entitlement to benefits; namely, that claimant had established that he suffers from pneumoconiosis which arose at least in part out of his coal mine employment. However, the ALJ found that claimant had not satisfied the third element of entitlement in that he failed to establish that he was totally disabled by pneumoconiosis. Specifically, the ALJ found that the evidence that claimant was not totally disabled due to pneumoconiosis outweighed the evidence that claimant was totally disabled, because the ALJ found the opinion of Dr. Kuziak was more persuasive than the opinion of Dr. Daneshvari. However, the Director now concedes that "it was error for the ALJ to credit Dr. Kuziak's opinion of non-disability under 20 C.F.R. Sec. 718.204(c)(4) ... as Dr. Kuziak's opinion is unexplained and, consequently, inherently unreliable." Brief of Respondent at 6.
 
 
 36
 This concession leaves the opinion of Dr. Dan Daneshvari as the only unchallenged physician's opinion of record. Nevertheless, the Director argues that this case should be remanded for further pulmonary evaluation of claimant, on the ground that Dr. Daneshvari's opinion is not credible because Dr. Daneshvari exhibited "no knowledge of the exertional demands of [claimant's] usual coal mine employment." Brief of Respondent at 10. We conclude, however, that Dr. Daneshvari's opinion is sufficient for a finding that claimant suffers from a total disability due to his pneumoconiosis, which arose at least in part out of his coal mine employment, and, thus, a remand for further pulmonary evaluation of claimant is unnecessary.
 
 
 37
 In his decision and order, the ALJ found that claimant had established ten years of coal mine employment "in or around one or more coal mines." J.A. 8. The ALJ further found that "from 1952 to 1965, claimant was employed as a tipple boss, in which job he was exposed to a lot of coal dust." J.A. 8. Finally, we also note that the ALJ found that claimant "sees his family physician, Dr. Daneshvari, every three or four months." J.A. 9.
 
 
 38
 In the report of his pulmonary evaluation of claimant on June 18, 1991, Dr. Daneshvari stated that claimant "had a history of 18 years coal mining, mostly at the tiple [sic]." J.A. 53. Dr. Daneshvari further stated that claimant had "a large bleb[4] sitting on the top of his left lung, nearly collapsing the left lung to [one-third] of its size." J.A. 53. According to Dr. Daneshvari:
 
 
 39
 The pulmonary function studies revealed a combined moderate obstructive and mild restrictive ventilatory defect. The obstructive impairment is highly consistent with a moderate chronic bronchitis, associated with some emphysematous changes. However, the restrictive element in this case is the result of pneumoconiosis, pulmonary fibrosis, and also partial collapse of the left lung, due to the bleb....
 
 
 40
 According to the present findings, this man is totally and permanently disabled to continue any further as a coal miner, or any comparable type of job. It is my opinion that this man's present pneumoconiosis, lung condition, is directly the result of his work in the coal industry. This gentlemen's prognosis is rather guarded, and he should be under continuous medical care and follow-up.
 
 
 41
 J.A. 53-54.
 
 
 42
 Thus, Dr. Daneshvari, claimant's family physician, indicated that claimant worked in the coal mine at the tipple, which is entirely consistent with the ALJ's finding that from 1952 to 1965, claimant worked as a tipple boss. Indeed, in his decision and order, the ALJ did not make any findings concerning the exertional requirements of claimant's work as a tipple boss.[5]
 
 
 43
 Moreover, not only did Dr. Daneshvari conclude that claimant was "totally and permanently disabled to continue any further as a coal miner, or any comparable type of job," but he also stressed that claimant's "prognosis was rather guarded, and he should be under continuous medical care and follow-up." J.A. 54. In Zimmerman, we concluded that the report of claimant's attending physician which stated, " 'In my opinion this patient has Pneumoconiosis (black lung). Prognosis: The Patient is not getting any better. He is disabled,' " was sufficient to establish disability and the requisite causal connection between a claimant's total disability and his pneumoconiosis. Zimmerman, 871 F.2d at 567.
 
 
 44
 In this case, Dr. Daneshvari's report goes far beyond what was reported by the attending physician in Zimmerman. Dr. Daneshvari did not state that claimant was not getting better, he stated that claimant's prognosis was guarded and would require continuous medical care. Moreover, not only did Dr. Daneshvari manifest an awareness of the nature of claimant's usual coal mine employment, he also opined that claimant could not perform coal mine work or any other comparable type of employment.[6] See Freeman United Coal Mining Co. v. OWCP, 20 F.3d 289, 294 (7th Cir.1994) ("Under the Black Lung Act, ... [a] claimant does not have to establish that he is unable to work in the job market generally, rather, he need only establish that he is unable to participate in the narrower job market consisting of his usual coal mine employment or comparable and gainful work.") Here, Dr. Daneshvari not only found that claimant was totally disabled for any type of work involving coal mining, but he also opined that claimant was totally disabled for any type of comparable employment.
 
 
 45
 Accordingly, we conclude that Dr. Daneshvari's uncontradicted opinion is substantial evidence that claimant was totally disabled by his pneumoconiosis under 20 C.F.R. Sec. 718.204(c)(4). Therefore, claimant is entitled to an award of benefits under the Act, and it is unnecessary to remand the case for further pulmonary evaluation of claimant's condition.
 
 III.
 
 46
 For the reasons stated the petition for review is GRANTED and this case is REMANDED to the Benefits Review Board for an award of benefits to claimant.
 
 
 
 *
 Honorable Julian A. Cook, Jr., Chief United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Specifically, the ALJ determined that because claimant has been employed for ten or more years in qualifying cal mine employment, 20 C.F.R. Sec. 718.203 gave rise to a rebuttable presumption that his pneumoconiosis arose out of his coal mine employment. The ALJ further found that the Director had failed to rebut the presumption of 20 C.F.R. Sec. 718.203 because the Director had failed to offer any evidence that would establish an alternative etiology for claimant's pneumoconiosis
 
 
 [2]
 Further, claimant could not establish total disability under 20 C.F.R. Sec. 718.204(c)(5) because section 718.204(c)(5) applies to deceased miners. Claimant is a living miner
 
 
 [3]
 Although the record contains other medical evidence, particularly interpretations of chest x-rays and the results of pulmonary function studies and arterial blood gas studies, they have not been summarized since the issues in this case primarily concern the ALJ's weighing of the physicians' reports of record
 
 
 [4]
 A "bleb" is a blister, vesicle, or sack on the skin, containing either red blood or colorless fluid derived from the bloodstream. See Schmidt's Attorney's Dictionary of Medicine, volume 1, page B-89. Matthew Bender (1994)
 
 
 [5]
 Furthermore, the Director does not argue that the case should be remanded to permit the ALJ to make explicit findings as to the exertional requirements of claimant's usual coal mine work
 
 
 [6]
 Claimant argues that the Director has waived any right to challenge the nature of his usual coal mine employment. We need not address claimant's assertion in this regard, however, because the Director has not challenged the ALJ's finding's concerning the length of claimant's qualifying coal mine employment or the nature of his usual coal mine work. Rather, the Director argues that this case should be remanded for further pulmonary evaluation of claimant by a physician who manifests awareness of the exertional requirements of claimant's usual coal mine work