**Carson WARREN, Petitioner,**

v.

**SANDY FORK MINING COMPANY; the Travelers Insurance Company; Director, Office of Workers' Compensation Programs, United States, Respondents.**

No. 02–4295.

United States Court of Appeals, Sixth Circuit.

May 7, 2003.

500

Before CLAY and GIBBONS, Circuit Judges; and CLELAND, District Judge.*

## ORDER

Carson Warren, a Kentucky resident, requests the appointment of counsel and petitions for review of an order of the Benefits Review Board affirming the denial of benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–45. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Warren was born in 1939, and worked for at least 24 years in coal mining, until 1988. He first filed for black lung benefits in 1989. Each time his claim has been denied, he has requested modification of the decision within one year. This is his fourth request for modification. His claim has been denied on the ground that, although he has pneumoconiosis, he is not totally disabled. His latest request for modification was accompanied by a new doctor's report. The administrative law judge (ALJ) examined the new evidence, as well as the entire record, and found that it was not supportive of a finding of total disability. The pulmonary function test accompanying the new report was disqualified for insufficient effort, and the blood gas test was normal. There was no diagnosis of cor pulmonale. The doctor concluded that Warren was occupationally disabled, because he should not work in dusty conditions. The ALJ concluded that this opinion did not establish a total disability. Therefore, benefits were again denied. The Benefits Review Board affirmed that decision, and this petition for review followed.

Upon careful consideration, we conclude that the petition for review must be denied, as the ALJ's decision is supported by substantial evidence and in accordance with the applicable law. *Y. & O. Coal Co. v. Webb*, 49 F.3d 244, 246 (6th Cir.1995).

When a request for modification is filed, the ALJ must review all of the evidence to determine whether a mistake of fact was made or a change in condition has been established. *Consolidation Coal Co. v. Worrell*, 27 F.3d 227, 230 (6th Cir.1994). Warren has pointed to no mistake of fact in the earlier decisions, and none is apparent from the record. The new evidence submitted with the request for modification also failed to establish a change in condition. The evidence did not show that Warren had become totally disabled since the earlier decision. The only arguably favorable evidence was the physician's conclusion that Warren was occupationally disabled because he should not work in dusty conditions. However, advice against further dust exposure is not equivalent to a finding of total disability. *Zimmerman*

* The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

*v. Director, OWCP,* 871 F.2d 564, 567 (6th Cir.1989). To constitute a finding of total disability, a physician must conclude that the miner cannot engage in gainful employment requiring skills and abilities comparable to those of his coal mine employment. *Bowling v. Director, OWCP,* 920 F.2d 342, 344 (6th Cir.1990). The physician in this case did not conclude that Warren could not engage in comparable, non-dusty employment. The remaining new evidence did not support a finding of total disability. Therefore, there was neither a showing of a mistake of fact or a change in condition, and the ALJ properly declined to grant the request for modification. Accordingly, the petition for review is denied. Rule 34(j)(2)(C), Rules of the Sixth Circuit.