**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0416n.06

No. 11-3007

**FILED**

*Apr 16, 2012*

LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ROBERT COLLETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW OF |
| | ) | THE BENEFITS REVIEW |
| CHAS COAL, LLC; DIRECTOR, OFFICE | ) | BOARD |
| OF WORKERS' COMPENSATION | ) | |
| PROGRAMS, UNITED STATES, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

BEFORE: BATCHELDER, Chief Judge; McKEAGUE, Circuit Judge; QUIST, District Judge.[*]

PER CURIAM. Robert Collett, a Kentucky citizen, petitions for review of an order of the

Benefits Review Board affirming a decision of an administrative law judge denying his claim for

benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901-45.

Collett was born in 1951. The parties stipulated that he worked for at least twenty-five years

in coal mining. He is a non-smoker. Collett applied for benefits in 2003. The administrative law

judge (ALJ) found that Collett has pneumoconiosis, and that the disease arose out of his coal mine

employment. However, the ALJ concluded that Collett was not totally disabled and denied the claim

for benefits on that basis. The Benefits Review Board affirmed this decision.

---

[*]The Honorable Gordon J. Quist, United States District Judge for the Western District of
Michigan, sitting by designation.

In his brief before this court, Collett argues that he established a total disability based on the opinion of his treating physician, Dr. Baker, and a blood gas study conducted on May 20, 2003. We review the decision below to determine whether it is supported by substantial evidence and is in accordance with the applicable law. *Youghiogheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 246 (6th Cir. 1995).

A miner may establish the existence of a total disability under 20 C.F.R. § 718.204(b)(2)(i-iv) on the basis of pulmonary function studies, blood gas studies, a diagnosis of cor pulmonale, or a reasoned medical opinion. In Collett's case, the pulmonary function studies were all normal, only one blood gas study of several indicated a possible disability, there was no diagnosis of cor pulmonale, and the medical opinions did not establish a total disability. Collett points to the one qualifying blood gas study as support for a finding of total disability. However, because results of other studies both before and after this test were non-qualifying, the ALJ properly found that the weight of the blood gas study evidence did not support a finding of total disability. Collett also argues that the ALJ should have given more weight to the opinion of his treating physician, Dr. Baker, citing *Peabody Coal Co. v. Graves*, 277 F.3d 829, 834 (6th Cir. 2002). However, the ALJ had substantial evidence to support his conclusion that Dr. Baker's opinion did not establish a total disability. To the extent that Dr. Baker relied on the one qualifying blood gas study, the ALJ properly concluded that the opinion was entitled to little weight because that study was contradicted by the other blood gas study results. Dr. Baker also opined that Collett was disabled from coal mining because he should avoid further dust exposure. However, we have held many times that a recommendation against further exposure to coal mine dust is not equivalent to a finding of a total

No. 11-3007
*Collett v. Chas Coal, LLC, et al.*

respiratory disability. *Warren v. Sandy Fork Mining Co.*, 64 F. App'x 499, 500 (6th Cir. 2003);

*Zimmerman v. Dir., OWCP*, 871 F.2d 564, 567 (6th Cir. 1989); *Neace v. Dir., OWCP*, 867 F.2d 264,

268 (6th Cir. 1989). Dr. Baker conceded that Collett retained the respiratory capacity to perform

similarly strenuous work in a non-dusty environment.

Accordingly, we find the decision below supported by substantial evidence and in accordance

with the applicable law. The petition for review is therefore denied.